Scott P. Shaw, Bar No. 223592
  sshaw@calljensen.com
Samuel G. Brooks, Bar No. 272107
  sbrooks@calljensen.com
W. Christopher Dalton, Bar No. 267697
  cdalton@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant Saks Incorporated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean Corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAKS INCORPORATED, a Tennessee Corporation; and DOES 1-10,<br><br>            Defendant. | Case No.  18-cv-02626-AG (JEMx)<br><br>**DEFENDANT SAKS INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed:  March 30, 2018<br>Trial Date:          None Set |

Defendant Saks Incorporated ("Defendant"), by and through its undersigned attorneys, hereby answers Plaintiff's Complaint ("Complaint"). Defendant denies all allegations except as expressly admitted herein. Each numbered paragraph responds to the allegations in the corresponding numbered paragraph in the Complaint.

## ANSWER TO ALLEGATIONS IN INTRODUCTION

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of the paragraph entitled "Introduction." Defendant denies the allegations in the third sentence.

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

1. Defendant admits that the Complaint purports to arise under the Copyright Act.

2. Defendant admits that this court has federal question jurisdiction.

3. Defendant denies these allegations.

## ANSWER TO ALLEGATIONS REGARDING PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

5. Defendant admits that it is a Tennessee corporation with its principal place of business in New York, New York. Defendant admits that it does business in the state of California. Defendant denies that it does business with the state of California.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

7. Defendant denies the allegations.

///

///

**ANSWER TO CLAIMS RELATED TO DESIGN D208**

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

10. Defendant admits that it purchased and sold certain garments which are referred to in the complaint as "Accused Product." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

**ANSWER TO CLAIMS RELATED TO DESIGN PCM-2299-GROUND**

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

**ANSWER TO CLAIMS RELATED TO U.S. PATENT NO. 8,448,476**

16. Defendant states that U.S. Patent No. 8,448,476 ("the '476 patent") speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to whether the '476 patent is valid, and on that basis, denies the allegations.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.



18. Defendant states that the '476 patent speaks for itself, and on that basis denies these allegations.

19. Defendant denies the allegations.

20. Defendant denies the allegations.

21. Defendant denies the allegations.

## FIRST CLAIM FOR RELIEF

22. Defendant repeats and incorporates herein by reference its responses to the paragraphs alleged in Plaintiff's Complaint to the same extent Plaintiff incorporates the allegations in preceding paragraphs of the Complaint into paragraph 22.

23. Defendant denies the allegations.

24. Defendant denies the allegations.

25. Defendant denies the allegations.

26. Defendant denies the allegations.

27. Defendant denies the allegations.

28. Defendant denies the allegations.

29. Defendant denies the allegations.

## SECOND CLAIM FOR RELIEF

30. Defendant repeats and incorporates herein by reference its responses to the paragraphs alleged in Plaintiff's Complaint to the same extent Plaintiff incorporates the allegations in preceding paragraphs of the Complaint into paragraph 30.

31. Defendant denies the allegations.

32. Defendant denies the allegations.

33. Defendant denies the allegations.

34. Defendant denies the allegations.

35. Defendant denies the allegations.

/ / /

## THIRD CLAIM FOR RELIEF

36. Defendant repeats and incorporates herein by reference its responses to the paragraphs alleged in Plaintiff's Complaint to the same extent Plaintiff incorporates the allegations in preceding paragraphs of the Complaint into paragraph 36.

37. Defendant denies the allegations.

38. Defendant denies the allegations.

39. Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

Without accepting the burden of proof on any issues for which Plaintiff bears the burden of proof, Defendant asserts the following defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint, and each and every claim for relief therein, fails to allege facts sufficient to state a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. On information and belief, the Complaint, and each and every claim for relief therein, are barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

## THIRD AFFIRMATIVE DEFENSE
### (Not Original)

3. Plaintiff's claims are barred by the fact, based upon information and belief, that the purported copyrights referenced in the Complaint are not original works of authorship and thus are not entitled to copyright protection.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. On information and belief, Plaintiff's claims are barred by the doctrine of laches in that Plaintiff has unreasonably delayed in bringing this action by failing to exercise reasonable diligence, and this delay has prejudiced Defendant. Although a reasonable opportunity for investigation or discovery is likely to provide further evidentiary support for this defense, Defendant's laches defense is preliminarily evidenced by delay between Plaintiff's discovery of the alleged copyright infringement(s) and bringing this lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Plaintiff's claims are barred by the doctrine of unclean hands as evidenced by the fact, among other things, that Plaintiff intentionally injected its designs into the public domain for the purpose of allowing them to be copied and bringing lawsuits for financial gain.

## SIXTH AFFIRMATIVE DEFENSE

### (Release, Waiver, and Estoppel)

6. Plaintiff's claims are barred by the doctrines of release, waiver, and estoppel for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

7. Plaintiff's claims are barred by the doctrine of acquiescence in that Plaintiff acquiesced to the alleged infringement, upon information and belief, based in part upon Plaintiff's conduct of waiting before filing its claim.

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Patent Invalidity)

8. On information and belief, Plaintiff's claim for patent infringement is barred on the grounds that the patent is not valid.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9. Plaintiff's claims are barred by its failure to mitigate damages, including, but not limited to, the fact of delay between the discovery of the alleged infringement(s) and the filing of the lawsuit, which a reasonable opportunity for investigation or discovery is likely to provide further evidentiary support. Consequently, any damages awarded to Plaintiff should be barred or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

10. Plaintiff's claim for damages is limited on the grounds that Defendant has at all times acted in good faith, with innocent intent.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fraud on the Copyright Office and/or Patent and Trademark Office, Errors in Copyright Registration)

11. Defendant is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) by Plaintiff's fraud or deception in the copyright registration and/or patent prosecution process for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support. In the alternative, Defendant is informed and believes that Plaintiff's copyright claims are barred on the grounds that the applications



for registration included inaccurate information which, if known to the Register of Copyrights, would have caused registration to be refused.

## TWELFTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright/Patent)

12. Upon information and belief, Plaintiff's claims are barred because of its anti-competitive intent and conduct, its misuse of its purported copyrights and patent, and its abuse of the judicial process for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

13. Upon information and belief, Plaintiff's claims are barred because Plaintiff has failed to join indispensable parties which are necessary for a full and complete adjudication of its claims, including without limitation as required by Rule 19 of the Federal Rules of Civil Procedure, including those parties having an interest in the alleged copyrights and patent, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Consent)

14. Upon information and belief, Plaintiff's claims are barred and recovery is barred or limited by the doctrine of consent in that Plaintiff consented to the acts it now complains of as evidenced by, among other things, its purposeful distribution of copies into the public domain and allowing such designs to be copied freely outside the United States.

/ / /

/ / /



## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

15. Upon information and belief, Defendant alleges that other persons or entities, the true names and capacities of whom and which Defendant is ignorant, were in some manner responsible, or otherwise at fault, for the allegations alleged in Plaintiff's Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (*Scene a Faire* and/or Merger)

16. Defendant asserts that the Plaintiff's claims are barred or limited by the *scenes a faire* and/or merger doctrine in that, among other things, Plaintiff's alleged copyrighted design is ordinary, commonplace, or standard in the relevant art or industry.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Damages Limited by Apportionment)

17. Defendant asserts that any purported damages sought by the Plaintiff in the form of Defendant's profits are limited by the apportionment theory based on the percentage of profits attributable to the alleged infringing work, not the entirety of Defendant's profits from the alleged infringing products.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Elements of Copyrights Not Protectable)

18. Assuming, *arguendo*, that the products sold by Defendant contain any elements from Plaintiff's purported copyright, those elements are not protectable under copyright law, do not constitute original expression, and/or Defendant's use of those elements was *de minimis*.

///



### NINETEENTH AFFIRMATIVE DEFENSE
### (Non-infringement)

19. Plaintiff's claims are barred on the grounds that Defendant's conduct does not infringe the copyrights or patent.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Ownership)

20. Upon information and belief, Defendant asserts that the Plaintiff's claims are barred because the copyrights and/or patent are not owned by Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Patent Exhaustion)

21. Upon information and belief, Plaintiff's claims are barred or limited to the extent Plaintiff seeks payment from multiple levels of the supply chain for a single patented invention.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Unauthorized Derivative Works)

22. On information and belief, Plaintiff's copyright claims are barred in that the allegedly copyrighted designs are unauthorized derivative works.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

23. On information and belief, Plaintiff's claims for copyright and patent infringement are barred by the doctrine of estoppel.

/ / /

/ / /

/ / /

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Fair Use)

24. To the extent any portion of the accused design was copied from Plaintiff's alleged copyrighted designs (which Defendant denies), such copying was fair use.

Defendant reserves the right to allege additional affirmative defenses as they may become known, or as they evolve during the litigation, and to amend this Answer accordingly.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of its Complaint in this matter and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its costs of suit in this matter, including reasonable attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: June 1, 2018

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
W. Christopher Dalton

By: */s/ W. Christopher Dalton*
W. Christopher Dalton

Attorneys for Defendant Saks Incorporated



## DEMAND FOR JURY

Defendant Saks Incorporated hereby demands a jury pursuant to FRCP 38(b) on all allegations, claims, and/or issues raised in the Complaint of Plaintiff Wongab Corporation.

Dated: June 1, 2018

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Samuel G. Brooks
W. Christopher Dalton

By: */s/ W. Christopher Dalton*
W. Christopher Dalton

Attorneys for Defendant Saks Incorporated